IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michael Rypiak,** | Case No. 1:23cv1395 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Southwest General Hospital,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

### Introduction

*Pro se* plaintiff Michael Rypiak has filed a civil complaint in this case against Southwest General Hospital ("defendant" or "Southwest General"). (Doc. No. 1.) He did not pay the filing fee but, instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the reasons stated below, his complaint is dismissed.

### Background

Plaintiff alleges he was a financial services intern at Southwest General and began his internship on May 28, 2023. (Doc. No. 1 at ¶ 4.) On June 23, 2023, his supervisor Cheryl Hadaam allegedly pulled him into her office and informed him that the Chief Financial Officer had noticed his feet kicked up on a chair in a closed cubicle while he was on break. He alleges Hadaam informed him that "it was not a big deal and nothing more than a learning experience" and that she "truly appreciated all the great work [plaintiff] was doing." (*Id*. at ¶ 5.) According to plaintiff, he responded to Hadaam that "he was feeling harassed by the Chief Financial Officer and was too frustrated to talk after staying an hour late to make sure all the work was thoroughly completed before leaving on

vacation." (*Id.*)[1] He alleges that Hadaam merely responded "ok," and that, on July 3, 2023, he received a phone call informing him that his position was terminated. (*Id.* at ¶¶ 5, 6.) He states he believes he was terminated for "informally reporting harassment" by the Chief Financial Officer. (*Id.* at ¶ 10.)

Although he does not assert a specific legal claim or cause of action in his complaint, he indicates on the cover sheet he filed with his complaint that he seeks to assert an employment discrimination claim under Title VII of the Civil Rights Act of 1964. (Doc. No. 1-1.) He seeks $150,000 in compensatory damages, $150,000 in punitive damages, and $2,000 for "economic pay for lost job." (Doc. No. 1 at ¶ 11.)

## Standard of Review and Discussion

Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter accepted as true sufficient to state a claim that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

---

[1] He also alleges he "had a previous conversation with the defendant's Director of Finance Charleen, in which the Chief Financial Officer took a picture of the Plaintiff resting his head and neck while on his phone during his unpaid break." (*Id.* at ¶ 7.)

2

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII also contains an anti-retaliation provision, which prohibits employers from "discriminat[ing] against any of [its] employees ... because [the employee] has opposed any employment practice made an unlawful employment practice [by Title VII] … or because [the employee] has made a charge" that the employer has engaged in an unlawful employment practice. *Id*. § 2000e–3(a).

Upon review, the Court finds that plaintiff's complaint fails to allege a plausible Title VII claim. Plaintiff does not allege or set forth facts permitting a plausible inference that he was terminated from his internship or otherwise discriminated against with respect to his compensation, terms, conditions, or privileges of employment because of a characteristic protected by Title VII. Nor does his complaint allege a plausible Title VII retaliation claim.

To establish such a claim, a plaintiff must show that "(1) he ... engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Hamilton v. Gen. Elec. Co*., 556 F.3d 428, 435 (6th Cir. 2009). Plaintiff's allegations, even liberally construed, do not satisfy these elements.

To receive protection under Title VII's anti-retaliation provision, a plaintiff's expression of opposition to an employer's conduct must concern a violation of Title VII. *See Springs v. Cincinnati Children's Hosp. Medical Center*, No. 1: 10-cv-213, 2012 WL 1354475, at *11 (S.D. Ohio 2012), citing *Fox v. Eagle Distributing Co., Inc*., 510 F.3d 587, 591 (6th Cir. 2007). Title VII does not protect an employee if his opposition is merely a "vague charge of discrimination." *Land v. Southern*

3

*States Cooperative, Inc.*, 740 Fed. Appx. 845, 850 (6th Cir 2018), citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989) and *Fox*, 510 F.3d at 592. "Otherwise, every adverse employment decision by an employer would be subject to challenge under either state or federal civil rights legislation simply by an employee inserting a charge of discrimination." *Booker*, 879 F.2d at 1313.

Thus, in *Fox*, the Sixth Circuit held that a plaintiff's statements to his manager that he intended to sue the defendant company, that "upper management [was] out to get him," and that management had "prevented him from becoming a pre sell rep," without mentioning the characteristic protected by the anti-discrimination statute under which he sued,[2] were insufficient to support a plausible retaliation claim. *Fox,* 510 F.3d at 589–90, 592.

Plaintiff's alleged complaints to Hadaam that he felt "harassed" and "frustrated" by the Chief Financial Officer's comments about him are similar to the statements made by the plaintiff in *Fox*. Plaintiff's complaints to Hadaam were not connected to any characteristic protected by Title VII and would not reasonably have notified Hadaam that he was opposing an employment practice he believed violated Title VII. At the most, plaintiff's complaints would have suggested that he felt harassed and frustrated that the Chief Financial Officer was concerned about his workplace conduct and/or objected to his putting his feet up on a chair. Plaintiff's statements, like those made by the plaintiff in *Fox*, even accepted as true, are too vague and insufficient to demonstrate that he engaged in protected activity of which his employer was aware as required to establish a prima facie retaliation claim.

---

[2] The plaintiff in *Fox* sued under the federal Age Discrimination in Employment Act.

Further, it is well settled that a plaintiff must exhaust his administrative remedies before filing a Title VII lawsuit in federal court. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F. 3d 724, 731 (6th Cir. 2006). The purpose of this requirement is to allow the EEOC or corresponding state agency the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). If the EEOC elects not to prosecute a discrimination charge, it shall issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b).

Plaintiff does not indicate that he filed a discrimination charge with the EEOC or corresponding state agency or that he received a right-to-sue notice. Failure to exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action. *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 351 (6th Cir. 2002).

## Conclusion

For the foregoing reasons, plaintiff's complaint fails to state a plausible Title VII claim and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
    PAMELA A. BARKER
Date: October 5, 2023    U. S. DISTRICT JUDGE